IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEMONT R.D. CONNER, | ) | CIVIL NO. 07-00496 JMS/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING |
| | ) | COMPLAINT AND ACTION |
| CORY REINCKE, CAROL TYLER, | ) | PURSUANT TO 28 U.S.C. § 1915 |
| AND ALBERT TUFONO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT AND ACTION
PURSUANT TO 28 U.S.C. § 1915**

Before the court is pro se Plaintiff DeMont Conner's ("Conner") prisoner civil rights complaint, brought pursuant to 42 U.S.C. § 1983.  Conner, a Hawaii inmate incarcerated at the Halawa Correctional Facility ("Halawa"), complains about his January 2006 parole revocation.  For the following reasons, the court DISMISSES Conner's Complaint and action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2) for failure to state a claim.

## I.  BACKGROUND

Conner names the following Defendants in their individual and official capacities: (1) Cory Reincke, Parole Officer; (2) Carol Tyler, Psychologist employed by the Hawaii Paroling Authority; and (3) Albert Tufono, Chairman of the Hawaii Paroling Authority.

Conner states that, on October 5, 2005, his stepson was taken to the hospital.  Conner's wife apparently then informed Reincke and Tyler about the

incident, claiming that Conner assaulted her son.  Conner, who denies that he assaulted his stepson, alleges that two days later, on or about October 7, 2005, Reincke and Tyler entered into a conspiracy to revoke his parole.

Conner claims that Tyler wrote to Reincke on October 7, 2005, and informed him that she had read the police reports concerning the incident that resulted in Conner's stepson's hospital visit.  Tyler apparently informed Reincke that, based on the police reports of the incident and information from Conner's wife, she believed that Conner was suicidal and a danger to the community. Conner alleges that Tyler then terminated him from "After Care Sex Offender" therapy.

Conner claims that, on October 10, 2005, Reincke executed an arrest warrant for revocation of his parole based on Conner's termination from After Care Sex Offender therapy, Tyler's representations in the October 7, 2005 letter, and Conner's alleged confession to Reincke that he assaulted his stepson and attempted to commit suicide.  Conner denies these allegations.  Conner alleges that Reincke and Tyler entered into this alleged conspiracy for the sole purpose of terminating him from After Care Sex Offender therapy, so that his parole could then be revoked.

Based on the public records available in Conner's state family court case, *State v. Conner*, FC. No. 1FC05-1-000019, a Complaint was filed on October 18, 2005, charging Conner with one count of Terroristic Threatening, in violation of Hawaii Revised Statutes ("HRS") § 707-0716/1D, and one count of

2

Assault in the first degree, in violation of HRS § 707-0710.[1]  *See* Hawaii State

Judiciary: Ho`ohiki: http://hoohiki2.courts.state.hi.us/jud.

On or about January 4, 2006, the Hawaii Paroling Authority held a

parole revocation hearing and subsequently revoked Conner's parole.  Defendant

Tufono was not present at this hearing, although, as Hawaii Paroling Authority

Chairman, he apparently found Conner guilty as charged and approved revocation

of Conner's parole.  *See* Compl. 4.  Conner does not explain Tufono's connection

to the alleged conspiracy between Reincke and Tyler.

Approximately eleven months later, on December 19, 2006, after a

jury trial, Conner was acquitted of all charges against him.  *See State v. Conner*,

FC. No. 1FC05-1-000019, http://hoohiki2.courts.state.hi.us/jud.

Conner seeks compensatory, punitive, and nominal damages,

declaratory judgment, and injunctive relief forbidding Defendants any further

contact with him.

## II.  <u>LEGAL STANDARD</u>

Federal courts must screen all cases in which prisoners seek redress

from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous,

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein -- *see Lee v. City of L. A.*, 250 F.3d 668, 689-690 (9th Cir. 2001).

3

malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  The court must also dismiss a complaint or claim at any time, notwithstanding any fee that may have been paid, if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

Conner is challenging the Hawaii Paroling Authority's decision to revoke his parole in January 2006, after his arrest for terroristic threatening and assault in October 2005.  Conner seeks a determination that his parole revocation was illegally obtained, and monetary damages based on this alleged illegality.

**A.      Conner's Claims Are Barred by the Doctrine of *Heck v. Humphrey***

When a state prisoner seeks monetary or declaratory relief alleging constitutional violations that would necessarily imply the invalidity of his or her conviction or sentence, and cannot establish that the underlying conviction or sentence has been invalidated, the sole federal remedy is a writ of habeas corpus, not a civil rights action.  *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus."); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); 28 U.S.C. § 2254.

To recover damages under 42 U.S.C. § 1983 based on an allegedly unconstitutional imprisonment, a plaintiff must show that the legality of the imprisonment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages based upon an allegedly illegal term of imprisonment that has not been so invalidated is not cognizable under § 1983.  *Id.*; *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (*Heck* barred a prisoner's claim for money damages based upon prison officials' alleged denial of constitutional rights in denying release on parole).

As the Supreme Court recently stated, "a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages

5

or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

The question before this court is whether Conner's claims in this § 1983 action necessarily demonstrate the invalidity of the Hawaii Paroling Authority's decision to revoke his parole. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3rd Cir. 2006) (holding that prisoner may not attack the revocation of his parole via a § 1983 action because that revocation had not been rendered invalid); *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that a § 1983 claim based on revocation of parole was barred by *Heck*).

Here, Conner is not challenging the constitutionality of the Hawaii Paroling Authority's procedures during his parole revocation, a claim that would be cognizable under § 1983. *See Wilkinson*, 544 U.S. at 82. Conner is challenging certain Hawaii Paroling Authority employees' allegedly illegal actions that he says were designed to and resulted in revocation of his parole.[2] Conner seeks a determination that his parole was revoked solely because Defendants

---

[2] Because Conner was arrested, charged, and tried for terroristic threatening and assault, it appears Conner's parole was revoked based on his arrest. *See* Hawaii Administrative Rules ("HAR") § 23-700-82(1)(a) (detailing the general terms and conditions of parole, including the requirement that the parolee "comply with and not violate any county, state, or federal ordinances, statutes, and laws); *see also* HAR § 23-700-41 (authorizing the Hawaii Paroling Authority to issue a warrant of arrest for revocation of parole only upon probable cause that the terms and conditions of parole have been violated); HAR § 23-700-44 (stating that a violation of parole requires a finding, based on a preponderance of the evidence, that the parolee has violated the terms and conditions of parole). Conner himself states that Tyler based her findings on a police report of the incident, suggesting that the police were already involved before Tyler or Reincke took steps to revoke Conner's parole.

6

entered into an illegal conspiracy with the single goal of revoking his parole. Conner's claims against Defendants would, if meritorious, "necessarily demonstrate" the invalidity of his parole revocation and current reincarceration. Conner has, in fact, filed a state habeas corpus petition, pursuant to Hawaii Rules of Penal Procedure Rule 40, challenging his parole revocation.  Compl. § III, B. That petition was still pending when Conner filed this action, conclusively showing that his parole revocation has not yet been invalidated.

        If this action is allowed to proceed to its conclusion, success for Conner would ultimately result in a determination that his parole was illegally revoked and that he is entitled to the parole status he had prior to that revocation. In other words, if the court finds that Defendants interfered in Conner's parole proceedings and caused the revocation of Conner's parole, then it necessarily follows that Conner's continued confinement is wrongful.  Accordingly, this claim cannot be brought under § 1983 according to the Supreme Court's holdings in *Wilkinson* and *Heck*, and it is DISMISSED without prejudice.  Because it is clear from the face of the Complaint that Conner's parole revocation has not been invalidated, this dismissal is **without leave to amend**.

**B.    Tufono is Absolutely Immune From Suit for Damages**

        Conner names Tufono, who is Chairman of the Hawaii Paroling Authority, solely because Tufono signed the decision to revoke his parole.  Parole board officials are entitled to absolute quasi-judicial immunity "for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to

7

tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (*quoting Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981). Tufono's decision to revoke Conner's parole is entitled to absolute immunity, and claims against Tufono are DISMISSED.

## IV. CONCLUSION

Conner's Complaint and action are DISMISSED without prejudice for failure to state a claim under § 1983. Specifically, the court holds that Conner's claims for damages under § 1983 are barred until such time as he can show that his parole revocation has been overturned, expunged or otherwise invalidated. The court also holds that Hawaii Paroling Authority Chairman Tufono is absolutely immune from suit for his decision to revoke Conner's parole. Because amendment to the Complaint is futile, **leave to amend is not granted**. Conner is notified that this dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of the Court is directed to deny all pending motions as moot, and close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 11, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Conner v. Reincke, et al.*, Civ. No. 07-00496 JMS; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915; dmp/ screening orders 07/Demont Conner 07-496 (dsm Heck v. Humphrey)